In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00259-CR
______________________________


GARY W. YOUNG, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 76th Judicial District Court
Morris County, Texas
Trial Court No. 8554


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION
            A Morris County jury found Gary W. Young guilty of delivering a controlled substance,
cocaine, in an amount of one gram or more, but less than four grams, to Todd Martin (an undercover
narcotics officer with the Texas Department of Public Safety) as charged in the indictment. The jury
further recommended Young's punishment be assessed at eighteen years' imprisonment, and the trial
court sentenced Young accordingly. Young timely appealed his conviction to this Court. 
            This Court had received on February 13, 2004, a completed record of the proceedings below. 
We informed Young's counsel that a brief on his client's behalf would be due by March 18, 2004. 
See Tex. R. App. P. 38.6(a) (criminal appellant's brief is due within thirty days after the record is
filed). By mid-April, however, neither Young's brief nor a request for an extension of time to file
the brief had been submitted for this Court's consideration. See Tex. R. App. P. 38.6(d). Thus, on
April 15, 2004, this Court issued an order directing Young to prepare and file a brief by Monday,
April 26, 2004.
            On April 22, 2004, Young filed a brief challenging the factual and legal sufficiency of the
evidence in a single multifarious issue. Cf. Foster v. State, 101 S.W.3d 490, 499 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). The entirety of the argument portion of Young's brief
reads,
            Appellant contends the evidence is insufficient to support his conviction. 
 
            In appellate review of the legal sufficiency of the evidence, this Court views
the relevant evidence in the light most favorable to the verdict and determines
whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. In reviewing for factual sufficiency, the evidence is
viewed in a neutral light, favoring neither party. The verdict will only be set aside
only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).
 
            There was no evidence presented that Appellant had an intent to deliver a
controlled substance.
 
PRAYER
 
            Upon the issues presented, it is submitted that the conviction of GARY W.
YOUNG should be reversed and a judgment of acquittal entered, or alternatively, that
this case be remanded for a new trial.
            A multifarious point of error is a contention "that embraces more than one specific ground." 
Id. If an appellant combines more than one contention into a single issue, he or she risks the
possibility that the reviewing court will reject the argument on the ground that nothing has been
presented for review. Id. (citing Cuevas v. State, 742 S.W.2d 331, 336 n.4 (Tex. Crim. App. 1987)). 
Similarly, a point of error that has been inadequately briefed presents nothing for review. Perez v.
State, 113 S.W.3d 819, 837 (Tex. App.—Austin 2003, pet. ref'd); see also Tex. R. App. P. 38.1(h)
("The brief must contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record." (emphasis added)).
            In the case now before us, Young's brief combines the two separate issues of legal and factual
sufficiency into a single point of error. Accordingly, we find the issue to be multifarious. Young's
brief also makes no attempt to show why the State's evidence was insufficient. Nevertheless, we
have independently reviewed the record and found that the undercover narcotics officer testified
Young delivered cocaine to him. Given that a defendant's intent to deliver narcotics may be inferred
from the acts of the accused, Williams v. State, 936 S.W.2d 399, 406 (Tex. App.—Fort Worth 1996,
pet. ref'd), we hold the evidence presented at trial was sufficient to support Young's conviction.
            We affirm the trial court's judgment.
 
 
                                                                        Jack Carter
                                                                        Justice

Date Submitted:          May 13, 2004
Date Decided:             May 14, 2004

Do Not Publish